Roosevelt, Justice.
The court in this case is called upon, and it is no uncommon occurrence, to determine the meaning ■of parties who, it is apparent, had no definite meaning themselves ; in other words, to find out by judicial exploration that, which in reality never had any actual existence.
The plaintiff on the one hand claims that she was tenant in dower, and had possession of the premises allotted to her, as her <c estate in dower.”
On the other hand, she alleges—for that clearly is the effect •of the instrument annexed to her complaint—that a yearly rent or charge of $400, a fixed sum, was set off to her, and made a specific lien upon the premises.
Dower, as an estate of the widow, implies possession in her; a rent charge, on the contrary, possession out of her. In the latter case, she would be the receiver of rent, in the former, herself the occupant. Two such contradictory attitudes— whatever efforts may be made to reconcile them—are inconsistent with each other. The plaintiff herself—seemingly sensible of the difficulty—has made her election between them. She allowed her son, which could not have been done if he were merely a reversioner after her death, to make leases in his own name, assigning them to her “ as security.” She subsequently, also, further ratified the possession of her son, or rather of Cornelius Sloat, her son’s representative—by accepting from him $100, and giving for it a written receipt, as for “ one -quarter’s dower rent of house No. 90 Sixth Avenue, to August 1st, 1852.”
It is a well settled rule—and a wise one—that where the *325 language of an instrument is dubious, the acts of the parties may be resorted to, especially their cotemporaneous acts, to ascertain their meaning. Applying this rule, we must consider the plaintiff’s interest as a lien on, and not an estate in, the premises. And as the remedy by distress for all kinds of rent is abolished, a rent charge becomes, in effect, a mere annuity, secured, (without a bond,) like any other mortgage, payable by instalments, and with the right, in default of payment, to take possession of the mortgaged premises.
As the heir stipulated to be at the expense of repairs, he is also bound to insure, and to assign the policy as security; or the widow may do it herself, and charge the premium as part of the instalment to be paid.
A decree should therefore be entered—which the counsel will draw and submit for that purpose—declaring the rights of the widow as above explained, and directing an"'assignment to her of the insurance, and further providing that in case any instalment of her annuity shall at any time be in arrear and unpaid, for the space of thirty days, she shall be let into the possession and receipt of the rents and profits of the premises, paying herself thereout, and rendering the surplus, after the satisfaction of taxes, assessments, insurance, and repairs, to the defendant, John D. Sloat, or his representatives, or assigns.
No costs allowed to either party as against the other.